# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA
# NEW ORLEANS DIVISION

| | |
|---|---|
| JOE E. WILLIAMS | CIVIL ACTION NO. 11-1588 |
| VERSUS | JUDGE |
| RECOVERY SCHOOL DISTRICT | MAGISTRATE   SECT. R MAG. 2 |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsels, comes Plaintiff, Joe E. Williams, who is a person of full majority, domiciled in the State of Louisiana and who resides in a Parish within this Judicial District, who respectfully represents the following:

## NATURE OF THE ACTION

This is an action bought under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991; also under Title I of the American with Disabilities Act of 1990, and the ADA Amendments Act of 2008, to correct unlawful employment practices on the basis of disability. It is also being bought under the Age Discrimination in Employment Act to provide relief to Joe E. Williams, who was adversely affected by such practices. The Plaintiff, Joe E. Williams, was subjected to race discrimination and retaliation by the Defendant, Recovery School District, as well as discrimination based on his disability, Spinal Stenosis, and discrimination based on his age, 63. As alleged with greater particularity in paragraph eleven below, Plaintiff, Joe E. Williams was discharged by the Defendant, following the Plaintiff's request for extended sick leave which was granted by the Defendant, and then he was discharged based on excessive use of sick leave and job abandonment.

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1332. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. This action is authorized and instituted pursuant to Sections 703 (a) 1 of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 as well as Section 107(a) of the Americans with Disabilities Act of 1990 and the ADA Amendments Act of 2008, and the Age Discrimination in Employment Act.

3. The employment practices alleged to be unlawful were at all times committed in The United States District Court for the Eastern District of Louisiana.

## PARTIES

4. Plaintiff, Joe E. Williams, is a resident of Orleans Parish, Louisiana.

5. At all relevant times, Defendant has continuously been a domestic institution charged with the education of students in Orleans Parish, doing business in the State of Louisiana and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

7. At all relevant times, all material facts occurred within the jurisdiction of this Court.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Joe E. Williams filed a charge of discrimination with the Equal Employment Opportunity Commission

2

(hereinafter referred to as EEOC) alleging violations of Title VII and retaliation, as well as violations under the American With Disabilities Act and the ADA Amendments Act of 2008, and the Age Discrimination Act under EEOC Charge Number 461-2010-01200.

9. The Plaintiff requested a Right to Sue, and the EEOC referred the file to the Department of Justice on May 9, 2011 for the issuance of the Right to Sue after issuing their own Right To Sue Letter for the Age Discrimination in Employment Act on May 9, 2011. The U.S. Department of Justice sent the Plaintiff a Right to Sue letter by certified mail, said letter bearing the date of May 31, 2011. Said letter was received by Plaintiff on June 3, 2011.

10. All conditions precedent to the institution of this lawsuit has been fulfilled.

11. The Plaintiff, Joe E. Williams had been employed with the Defendant as a Math Teacher since August of 2006, and his last assignment was at the Clark High School. On October 2, 2009, the Plaintiff submitted a request for extended sick leave because he was experiencing a bad flare-up of "spinal stenosis". Such leaves are normally granted for up to 90 days, and Plaintiff received approval for his leave covering the period of October 5, 2009 through November 2, 2009. Despite submitting medical documentation of his condition "spinal stenosis" and receiving approval from the Defendant for his medical leave, on November 17, 2009 Plaintiff received a letter from the Defendant advising him that he had been discharged for excessive use of sick leave and job abandonment. During the time that Plaintiff was applying for his extended sick leave, Plaintiff was told by representatives of the Defendant that he should "retire". Plaintiff had filed a

3

previous charge of discrimination against the Defendant on July 28, 2008, said charge bearing the number of 461-2008-02016, also alleging that the Defendant had violated the Americans With Disability Act because the Plaintiff had experienced a flare-up of his condition "spinal stenosis", and was not being recommended for rehire. After the Plaintiff filed the Charge in 2008, the Defendant rehired the Plaintiff and the Charge 461-2008-02016 was withdrawn. After Charge NO. 461-2008-02016 was withdrawn, the Plaintiff was subjected to various retaliatory acts by the Defendant which included failing to notify the Plaintiff of the day he was to report to work for the school year 2009-2010; telling the Plaintiff that he should "retire"; and investigating the Plaintiff for abuse of sick leave, despite having an abundance of medical documentation from Plaintiff verifying his condition.

12. The effect of the practices complained of in paragraph 11 above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race; and in retaliation for Plaintiff exercising his right to file a EEO complaint against the Defendant.

13. The effect of the practices complained of in paragraph 11 above has been to deprive Mr. Williams of equal employment opportunities and otherwise adversely affect his status as an employee and deny him a job because of his age and disability.

14. The unlawful employment practices complained of in paragraph 11 above were intentional.

4

15. The unlawful employment practices complained of in paragraph 11 above were done with malice or reckless indifference to the federally protected rights of Mr. Williams.

16. The unlawful employment practices complained of herein have caused Mr. Williams to suffer economic injuries, including but not limited to lost wages, as well as pecuniary and non-pecuniary injuries.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joe E. Williams requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race and retaliation; as well as the American With Disabilities Act, and the ADA Amendments Act of 2008; and the Age Discrimination in Employment Act.

B. Order Defendant Employer, its officers, successors, assigns, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individual, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer, its officers, successors, assigns, to make whole Plaintiff, Joe E. Williams, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

D. Order Defendant Employer, its officers, successors, assigns to make whole, Plaintiff, Joe E. Williams, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11, including but not limited to medical expenses Plaintiff experienced after having his medical benefits were terminated by the Defendant.

E. Order Defendant Employer, its officers, successors, assigns, to make whole, Plaintiff, Joe E. Williams, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 11, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self esteem and humiliation, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper under the circumstances.

G. Award Plaintiff its cost of this action.

Respectfully submitted,

Lillian M. Thornton LSB#25525
48 Heritage Lane
New Orleans, LA 70114
(504) 263-2346
FAX (504) 486-8005

PLEASE SERVE:
Jay Ginsberg, Esq.
1641 Poland Ave.
New Orleans, LA 70017

6